Dear Representative Pearson:
Your request for an Attorney General's Opinion in which you ask the following questions regarding fire district parcel fees has been assigned to me for research and reply:
1. Is a parish assessor legally required to include a fire protection district parcel fee on the tax roll?
2. Does the assessor have the authority to charge the fire district a fee for including the parcel fee on the tax roll that is separate and distinct from the charges for support of the assessor required by La.R.S. 33:4713?
3. Are fire protection districts considered "taxing bodies" for purposes of La.R.S. 33:4713 and therefore required to participate in the support of the assessor, as mandated by that statute?
4. Would a motor vehicle be included in the items that must be provided to a parish tax collector and assessor under La.R.S. 33:4713?
First, we note that fire protection districts may levy and collect a parcel fee in accordance with La.R.S. 40:1505(A)(1), which provides the following:
A. (1) Each district may levy and collect a parcel fee within its boundaries which shall not exceed one hundred dollars per parcel per year, which parcel fee shall be imposed by resolution or ordinance of the governing authority of the district only after the question of the imposition of the parcel fee and the purpose, rate, and duration of the parcel fee has been approved by a majority of the voters of the district voting at an election held therein. The proceeds of such parcel fee shall be expended for the purposes of acquiring, constructing, maintaining and operating fire protection facilities and equipment, including the cost of obtaining water for fire protection purposes and salaries of firemen, and all purposes *Page 2 
incidental thereto. Any parcel fee imposed pursuant to this Section shall be levied and collected and be due and owing annually. Such fee may be carried on the tax rolls for the parish in which such district is located and collected at the same time as parish ad valorem taxes.
Further, La.R.S. 40:1505(A)(2)-(4) provides procedures for collecting delinquent parcel fees.
In fact, the term "parcel fee," as used in La.R.S. 40:1505, is an illusory moniker. In ACORN v. City of New Orleans,377 So.2d 1206 (La. 1979), the Louisiana Supreme Court classified a parcel fee as a "specific tax." Significantly, the court recognized that not only was the parcel fee a tax, rather than a fee, but also specifically held that the parcel fee involved was a property tax.
La.Const. Art. 7, § 25(A) governs property taxes and provides that the sheriff "shall advertise for sale the property on which the taxes are due." As we indicated in Atty. Gen. Op. No. 09-0025, since parcel fees are considered property taxes under ACORN, delinquent parcel fees must be collected by the tax collector through the sale of property at the annual parish tax sale pursuant to La.Const. Art. 7, § 25(A).[1]
Thus, it is the opinion of this office that it is mandatory for a fire protection district parcel fee "to be carried on the tax rolls for the parish in which such district is located and collected at the same time as parish ad valorem taxes," despite the fact that the legislature used the permissive "may" in the last sentence of La.R.S. 40:1505(A) and that La.R.S. 40:1505(A)(2)-(4) provides other procedures for collecting delinquent parcel fees.[2]
You next ask whether the assessor has the authority to charge the fire district a fee for including the parcel fee on the tax roll that is separate and distinct from the charges for support of the assessor required by La.R.S. 33:4713.
La.R.S. 47:1906(A), in pertinent part, establishes "a fund for the payment of the salaries and allowances of the assessors." That statute further requires that "all recipients of taxes, whether state, parish, school, levee, drainage, or others, shall contribute their full proportion of the total due in accordance with the amount of taxes to be received by each."
As explained above, a parcel fee is actually a property tax that must be collected and enforced by the tax collector in the same manner and at the same time as parish ad valorem taxes. Therefore, fire protection districts are subject to the mandatory contributions in accordance with La.R.S. 47:1906(A).
Next, you ask two questions regarding La.R.S. 33:4713, which provides the following: *Page 3 
Each parish shall provide and bear the expense of a suitable building and requisite furniture for the sitting of the district and circuit courts and such offices, furniture and equipment as may be needed by the clerks and recorders of the parish for the proper conduct of their offices and shall provide such other offices as may be needed by the sheriffs of these courts and by the tax collectors and assessors of the parish and shall provide the necessary heat and illumination therefor.
The cost of such furniture and equipment, supplies and maps, as may be needed by the tax collector and assessors of each parish shall be borne proportionately by all tax recipient bodies in the parish in the proportion of the amount received from such tax monies by each recipient body in the parish.
The police jury or other governing authority shall make these purchases and then bill the other tax recipients for their proportionate share.
First, you ask whether fire protection districts are considered "taxing bodies" for purposes of La.R.S. 33:4713 and are therefore required to participate in the support of the assessor, as mandated by that statute.
As explained above, under La.R.S. 40:1505(A), fire protection districts are given the authority to levy parcel fees to help fund fire protection efforts within the districts. This type of fixed fee imposed on property regardless of the value of the property has been determined by the Louisiana Supreme Court to be a property tax. Further, this office has concluded that it is mandatory for a fire protection district parcel fee "to be carried on the tax rolls for the parish in which such district is located and collected at the same time as parish ad valorem taxes," despite the fact that the last sentence of La.R.S. 40:1505(A) uses the permissive "may" in this respect. Consequently, it is the opinion of this office that if fire protection district exercises its power to levy a parcel fee, then that district would be considered a "tax recipient body" within the meaning of La.R.S. 33:4713 and must contribute pro rata to the funding of the respective offices of tax collector and assessor as required of all other tax recipient bodies under that statute.
Secondly, you ask whether a motor vehicle be included in the items that must be provided to a parish tax collector and assessor under La.R.S. 33:4713.
In La. Atty. Gen. Op. No. 97-262, this office explained it is a mandatory duty of parish governing authorities to furnish "necessary" furniture and equipment for certain officials, including clerks of court. We established the following illustrative list in Atty. Gen. Op. No. 88-246 of items that are deemed "necessary" in accordance with a parish governing authority's duties under La.R.S. 33:4713: *Page 4 
Furniture: Desks, tables, chairs, filing cabinets, storage cabinets, and other types of appointments or furnishings necessary for the performance of official duties.
Equipment: Computers, printers, typewriters, adding machines, calculators, copiers, telephones, dictating and transcribing machines, and other types of functional machinery necessary for the performance of official duties.
Supplies: Consumable items necessary for the performance of official duties.
Maps: All maps, regardless of the nature or type necessary for the performance of official duties.
Although one could argue that a motor vehicle is a piece of equipment, the subject matter of La.R.S. 33:4713 as well as the above illustrated list from Atty. Gen. Op. No. 88-246 only encompasses the type of equipment typically found in an office building. This is supported by the fact that La.R.S. 33:4713 falls within Chapter 13 of Title 33, the subject of which is "Property and Buildings." Further, the heading for La.R.S. 33:4713 indicates that the subject matter of the statute is "Providing quarters for court and parish officers." Thus, a motor vehicle would not be included in the items that must be provided under La.R.S. 33:4713.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
BY: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
JDC/BAH II
[1] In accord is La. Atty. Gen. Op. Nos. 99-194.
[2] In accord is Atty. Gen. Op. No. 99-220.